UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| STEVEN ABOULAFIA,<br><br>     Plaintiff,<br><br>v.<br><br>MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC, et al.,<br><br>     Defendant. | Case No. 2:12-cv-00390-MMD-CWH<br><br>ORDER<br><br>(Def.'s Motion to Dismiss – dkt. no. 11) |

**I.    SUMMARY**

Before the Court is Defendants Mortgage Electronic Registration Systems, ReConTrust Company, Countrywide Bank, FSB Bank of America (successor to BAC Home Loans Servicing) and Bank of New York Mellon's (collectively referred to as "Defendants") Motion to Dismiss Plaintiff's Complaint for failure to state a claim upon which relief can be granted. (Dkt. no. 11.) Plaintiff has not filed an opposition. For the reasons discussed below, the Motion is granted.

Plaintiff did not file an opposition to the motion and, consequently, dismissal is proper under Local Rule 7-2(d). Failure to file points and authorities in opposition to a motion constitutes consent that the motion be granted. L.R. 7-2(d); *see Abbott v. United Venture Capital, Inc.*, 718 F. Supp. 828, 831 (D. Nev. 1989). Thus, Plaintiff is deemed to have consented to the granting of Defendant's Motion.

The Court has also considered the Motion on its merits and agrees with Defendants. Dismissal is proper because the Complaint does not allow the Court to draw a reasonable inference that defendants are liable for the alleged misconduct or that Plaintiff could sustain recovery under any viable legal theory. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

The allegations supporting the first, second, and fifth claims in the Complaint are legal conclusions that offer nothing more than a formulaic recitation of the elements of a violation. As such, they are insufficient to state a claim upon which relief can be granted.

For claims three, seven, eight, nine and ten, Plaintiff relies on legal theories expressly rejected by this Court, namely theories based on the alleged improper splitting of the note from the deed of trust. This Court and the Ninth Circuit have repeatedly rejected the theory that a party is not entitled to foreclose because the note was split from the Deed of Trust. *See Cervantes v. Countrywide Home Loans, Inc.*, 656 F.3d 1034, 1044 (9th Cir. 2011); *Vega v. CTX Mortgage Co.*, LLC, 761 F. Supp. 2d 1095, 1097-98 (D. Nev. 2011); *Khankhodjaeva v. Saxon Mortgage Servs.*, 2012 WL 214302, at *4 (D. Nev., Jan. 24, 2012); *Parker v. GreenPoint Mortgage Funding Inc.*, 2011 WL 5248171, at *4 (D. Nev., Nov. 1, 2011); *Wittrig v. First Nat'l Bank of Nev.*, 2011 WL 5598321, at *5-6 (D. Nev., Nov. 15, 2011). Similarly, the "show me the note" argument upon which Plaintiff's Complaint is premised has been resoundingly rejected in Nevada. *See, e.g., Ernestberg v. Mortgage Investors Group*, No. 2:08–cv–01304–RCJ–RJJ, 2009 WL 160241, *4–*5 (D.Nev. Jan. 22, 2009). Likewise, this Court has rejected the argument that a federal bailout, or any other alternative third-party insurance payment, somehow extinguishes a person's mortgage obligation. *Dyson Fourness v. Mortgage Elec. Registration Sys., Inc.*, No. 3-10-cv-40-ECR-RAM, 2010 WL 5071049 (D. Nev., Dec. 6, 2010).

Next, the fourth, sixth, and eighth claims are time-barred and the tenth claim is not ripe for adjudication. *See* NRS § 11.390(3)(d). Furthermore, Plaintiff's eleventh claim is

///

merely a form of relief and not a cause of action. The remedy is unsupported by any claim.

Finally, Fed. R. Civ. P. 4(m) permits a court to dismiss a case after notice to the plaintiff where the defendant is not served within 120 days of the filing of the complaint. Plaintiff filed his Complaint on January 17, 2012. On June 6, 2012, the Court issued notice that proof of service on Defendant Legal News was required by July 6, 2012, to avoid dismissal. (Dkt. no. 9.) The 120-day deadline has now passed. Therefore, the Court dismisses Plaintiff's claims as to Defendant Nevada Legal News.

IT IS HEREBY ORDERED that Defendants' Motion to Dismiss Complaint, (dkt. no. 11) is GRANTED.

IT IS FURTHER ORDERED that Plaintiff's claims against the remaining defendant are DISMISSED.

IT IS FURTHER ORDERED that any Lis Pendens recorded by the Plaintiff in connection with this lawsuit be expunged, extinguished, and/or released.

The Clerk of the Court is ordered to close this case.

DATED THIS 5th day of November 2012.

_____
MIRANDA M. DU
UNITED STATES DISTRICT JUDGE